Filed 7/30/26

CERTIFIED FOR PARTIAL PUBLICATION*


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)


| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>RUSSELL JAMES MCALLISTER,<br>        Defendant and Appellant. | C102305<br><br>(Super. Ct. No. 2020-CR0023180) |


APPEAL from a judgment of the Superior Court of Lassen County, Mark R. Nareau, Judge. Affirmed in part and reversed in part.

David W. Beaudreau, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Galen N. Farris and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.


A jury found defendant Russell James McAllister guilty of murder and possession of a weapon in prison. The trial court sentenced him to 75 years to life for murder plus a concurrent term of 12 years for weapon possession. It imposed a $5,000 restitution fine as to the murder count and a separate $300 restitution fine for the possession offense.

---

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of Part I of the Discussion.

1

On appeal, McAllister contends that, under Penal Code section 654, the trial court should have stayed the prison term for one of the two convictions.[1] He also argues that the court erred in imposing a separate restitution fine for each offense. We see no error in the court's imposition of concurrent sentences. We agree with McAllister that the court improperly imposed two restitution fines and remand for reconsideration of the appropriate fine.

BACKGROUND

In October 2019, McAllister was an inmate at High Desert State Prison. One morning at approximately 9:00 a.m., McAllister was released into the yard. At 11:32 a.m., security cameras showed McAllister and another inmate, Terrance Coleman, walking in the yard and carrying bags. McAllister and Coleman eventually flanked another inmate, and the three men began to walk together. After about 40 seconds, McAllister and Coleman pulled out manufactured weapons that they had concealed and attacked the other inmate. They stabbed the victim repeatedly, killing him.

The People charged McAllister with willful, deliberate, and premeditated murder (§ 187, subd. (a)) and possession of a weapon in prison (§ 4502, subd. (a)). The information further alleged that McAllister had four prior strike convictions (§ 667, subds. (b)-(i)), two of which were "super strike" offenses (§ 667, subd. (e)(2)(c)).

At trial, a correctional officer testified that he did not recall whether officers had investigated the origin of the weapons used in the attack. He said it was "not uncommon" for these types of weapons to be found in the yard. He testified that an inmate had concealed weapons in a "laundry or canteen bag." In that instance, the inmate placed the bag on a bench, passed through the metal detector, and later picked up the bag and walked into the yard. He also stated that inmates typically would manufacture

---

[1] Undesignated statutory references are to the Penal Code.

weapons like the one used by McAllister by carving and sharpening metal taken from the furniture in their cells.

A second correctional officer testified that weapons brought into the yard by inmates were "very well hidden." He also said that inmates were subject to search before entering the yard. This included unclothed body searches and being processed through a metal detector.

At trial, the jury found McAllister guilty of both counts and found the murder was willful, deliberate, and premeditated. McAllister admitted two prior strike convictions. The trial court sentenced him to an indeterminate term of 75 years to life for murder and a concurrent determinate term of 12 years for possession of a weapon in prison. The court imposed a $5,000 restitution fine for the murder count and a $300 restitution fine for the possession offense. The indeterminate abstract of judgment lists a $5,000 restitution fine and a $5,000 suspended parole revocation restitution fine. The determinate abstract of judgment lists a $300 restitution fine and a $300 suspended parole revocation restitution fine.

McAllister timely appealed.

DISCUSSION

I.

McAllister first claims the trial court erred by not staying under section 654 the prison term on either the murder or weapon possession conviction. We disagree.

Section 654, subdivision (a) provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." The statute prohibits multiple punishments when a defendant is convicted of more than one crime based on a single act or omission. (*People v. Coleman* (1989) 48 Cal.3d 112, 162.) It also bars multiple punishments for convictions arising out of a "course of conduct encompassing several acts pursued with a single objective."

3

(*People v. Corpening* (2016) 2 Cal.5th 307, 311.) "Case law establishes the guidelines for applying section 654 in the context of a conviction for possession of a prohibited weapon. ' "[W]here the evidence shows a possession distinctly antecedent and separate from the primary offense, punishment on both crimes has been approved. On the other hand, where the evidence shows a possession only in conjunction with the primary offense, then punishment for the illegal possession of the [weapon] has been held to be improper where it is the lesser offense." ' [Citations.]" (*People v. Wynn* (2010) 184 Cal.App.4th 1210, 1217, quoting *People v. Bradford* (1976) 17 Cal.3d 8, 22.) " 'A trial court's express or implied determination that two crimes were separate, involving separate objectives, must be upheld on appeal if supported by substantial evidence.' " (*In re Raymundo M.* (2020) 52 Cal.App.5th 78, 94.) "We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence." (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

In this case, substantial evidence supports an implied finding that McAllister's possession of a weapon was antecedent to and separate from the murder. (See *People v. Jones*, *supra*, 103 Cal.App.4th at p. 1147 ["implicit in [a trial court's] imposition of concurrent sentences" is a finding that weapon possession "was a separate and distinct offense"].) A correctional officer testified that an inmate previously smuggled manufactured weapons into the yard using a laundry bag. McAllister was in the yard for approximately one and a half hours before the murder and approached the victim already concealing a weapon and holding a laundry bag. There was also no evidence that McAllister obtained the weapon—which the trial court could reasonably infer was made from furniture contained inside an inmate's cell—during the altercation with the victim. (Cf. *People v. Venegas* (1970) 10 Cal.App.3d 814, 817-819 [§ 654 proscribed multiple punishments where defendant struggled for gun held by someone else before he shot the victim]; *People v. Bradford*, *supra*, 17 Cal.3d at pp. 22-23 [§ 654 precluded punishment

4

for both assault and possession where defendant wrested away gun of highway patrol officer and shot at officer with it].)  Based on this evidence, it was reasonable for the trial court to conclude that McAllister possessed the weapon before the murder occurred. Separate punishment was therefore permitted.  (See *Jones*, at p. 1145 [§ 654 "inapplicable when the evidence shows that the defendant arrived at the scene of his or her primary crime already in possession of the firearm"]; *People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1413-1414 [multiple punishments permitted for possession of a firearm and robbery crimes where "the defendant already had the handgun in his possession when he arrived at the scene of the first robbery"].)

## II.

McAllister next challenges the trial court's imposition of two restitution fines:  the $5,000 fine for murder and the $300 fine for possession of a weapon.  The People concede that the court erred in imposing a separate fine for each count, but they maintain that the error was harmless because the total fine was less than the statutory maximum. We agree with McAllister that the matter should be remanded for reconsideration of the appropriate fine.

Section 1202.4, subdivision (b) provides:  "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record."  The amount of the fine "shall be set at the discretion of the court and commensurate with the seriousness of the offense."  (§ 1202.4, subd. (b)(1).)  For a felony, the fine must be not less than $300 or more than $10,000.  (*Ibid.*)  "In setting the amount of the fine pursuant to subdivision (b) in excess of the minimum fine[,] … the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number

5

of victims involved in the crime." (§ 1202.4, subd. (d).) "In cases in which the court imposes a restitution fine, imposition of a parole revocation fine is also mandatory." (*People v. Tillman* (2000) 22 Cal.4th 300, 302.)

The People properly concede that the trial court in this case erred in imposing a separate restitution fine for each count of conviction. As noted, section 1202.4, subdivision (b) provides for a restitution fine in "every case." A " 'case' is a formal criminal proceeding, filed by the prosecution and handled by the court as a separate action with its own number." (*People v. Soria* (2010) 48 Cal.4th 58, 64-65; see also *People v. Cofer* (2026) 20 Cal.5th 1, 14 [discussing *Soria*].) The provision does not contemplate a separate restitution fine for each individual count. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483.)

Citing *People v. Sencion*, *supra*, 211 Cal.App.4th 480, the People contend that the trial court's error was nevertheless harmless because the total restitution fine ($5,300) was within the statutory range. (See § 1202.4, subd. (b)(1) [fines for felonies must be between $300 and $10,000].) In *Sencion*, the trial court imposed a $500 restitution fine on one count and a separate $200 restitution fine on each of three additional counts, including two counts that had been stayed under section 654. (*Sencion*, at pp. 482-483.) The court of appeal concluded that the trial court had erred in two respects: imposing a restitution fine as to each count and basing restitution fines on the two stayed counts. (*Id.* at p. 483.) The appellate court, however, deemed the error harmless, reasoning that "the section 1202.4, subdivision (b) restitution fines totaled only $1,100, an amount well within the statutory range … . Hence, there was no prejudice to defendant." (*Ibid.*)

We respectfully disagree with this reasoning. Our state Supreme Court has made clear that " '[d]efendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a

6

material aspect of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  In our view, the mere fact that a restitution fine total is under the statutory maximum does not, standing alone, demonstrate that the trial court exercised informed discretion in applying the standards prescribed by the statute.  (§ 1202.4, subds. (b)-(d).)  Put another way, the fact that a total restitution fine is "within the authorized statutory range does not establish that the trial court *would not* have imposed a lower restitution fine but for the court's error in imposing restitution fines … ."  (*People v. Gaynor* (2019) 42 Cal.App.5th 794, 809 [discussing restitution fines imposed on counts that should have been stayed under § 654].)

In this case, the trial court did not explain how it calculated the two restitution fines.  It stated that it would "order a restitution fund fine on Mr. McAllister in the amount of $5,000" and then said, with respect to count two, "[t]here's a $300 restitution fund fine."  On this record, we see no clear indication that the court would have imposed the same $5,300 restitution fine had it understood the statutory direction to impose a single fine.  For example, it is not evident whether the trial court believed $5,000 to be the appropriate total fine but felt compelled by section 1202.4 to impose a second $300 minimum fine on the possession count.  (Cf. *People v. Gaynor*, *supra*, 42 Cal.App.5th at p. 809 [distinguishing cases declining to remand where "the record was clear that the same total amount of restitution fine would have been imposed, irrespective of whether the trial courts in those cases had imposed a single fine or instead, apportioned the amount into fines based on the separately tried cases"].)  Under these circumstances, the matter must be remanded for reconsideration of the appropriate fine.  (See *People v. Gutierrez*, *supra*, 58 Cal.4th at p. 1391.)  On remand, the trial court must reconsider the appropriate restitution fine under section 1202.4 and, after doing so, recalculate the appropriate parole revocation restitution fine.  (§ 1202.45, subd. (a) [parole revocation restitution fine is "same amount as that imposed pursuant to subdivision (b) of Section 1202.4"].)

DISPOSITION

The case is remanded to the trial court for the limited purpose of reconsidering the restitution fine and parole revocation restitution fine.  In all other respects, the judgment is affirmed.

/s/
FEINBERG, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
BOULWARE EURIE, J.